## Ann Ross, Plff. in Err., *v.* Pennsylvania Railroad Co.[2]

Before ejectment can be maintained against a railroad company because it is using property acquired under the right of eminent domain for purposes different from those for which it was taken, the company is entitled to have a reasonable time for planning and perfecting an arrangement of the property for uses.

(Decided February 1, 1886.)

Error to the Common Pleas, No. 4, of Philadelphia County to review a judgment of nonsuit. Affirmed.

This was an action of ejectment brought by Ann Ross against the Pennsylvania Railroad Company to recover possession of

[1]NOTE.—This decision is an affirmance of Jacoby's Estate, 15 W. N. C. 382.

Cited in Levy's Estate, 11 Pa. Co. Ct. 266, 267, 1 Pa. Dist. R. 217.

[2]NOTE.—Property acquired by eminent domain can only be used for purposes authorized by the charter of the corporation. Lance's Appeal, 55 Pa.

property taken by the company for railroad purposes. The court below entered a judgment of nonsuit, and, upon motion to set it aside, the following opinion was delivered:

The plaintiff was the owner of two houses and lots on the north side of Market street, which were taken by the defendants under the power of eminent domain delegated to them by the state, for the purpose of constructing an extension of their road and for the necessary appurtenances thereof. They gave the requisite bond in 1881, but the plaintiff's petition for a jury to assess the damages was not filed until 1883. A jury was appointed, who assessed the damages at $64,000. Their report was confirmed by the court of common pleas, July 6, 1883, but the court refused to allow interest on the award. The plaintiff was dissatisfied with this and took the case to the supreme court. A certiorari to bring up the record was issued, and the proceedings of the court below were affirmed by the supreme court April 14, 1884. On the 19th of May, 1884, the plaintiff received from the company the amount awarded by the jury, $64,000, and four days afterwards, on May 23, 1884, she commenced this action of ejectment against the company, upon the ground that they had not applied the property to the public uses for which it was taken and for which alone they were empowered to take it, and that the plaintiff was, therefore, entitled to re-enter. It appeared in evidence that one of the houses was at the time of the trial occupied by John Blair, who had carried on business there for twenty-one years, having been the plaintiff's tenant. He continued in possession during the pendency of the proceedings to assess the plaintiff's damages, but had taken no lease from the railroad company, and had never paid them any rent. The other house was occupied by John Emig as a hotel. He rented on February 17, 1882, from the railroad company, from month to month, paying a rent of $30 a month.

16, 93 Am. Dec. 722. And it cannot be transferred to another corporation for a different purpose. Pittsburgh & L. E. R. Co. v. Bruce, 102 Pa. 23. But sufficient property may be taken for future, as well as present, needs; and an abandonment will not, therefore, be presumed because of nonuser of a portion of the land condemned. Pittsburgh, Ft. W. & C. R. Co. v. Peet, 152 Pa. 488, 19 L. R. A. 467, 25 Atl. 612; Hummel v. Cumberland Valley R. Co. 175 Pa. 537, 34 Atl. 848. If there is an abandonment of the property for the uses for which appropriated, it reverts to the owner. Lance's Appeal, 55 Pa. 16, 93 Am. Dec. 722; Jessup v. Loucks, 55 Pa. 350; Guss v West Chester R. Co. 1 Chester Co. Rep. 363.

Neither the charter of the company nor the act of assembly under which the property was taken was put in evidence at the trial; but, conceding that, in accordance with the decision in Pittsburgh & L. E. R. Co. v. Bruce, 102 Pa. 23, the company did not acquire a fee in the land when they took it under the power conferred upon them by the state, but only an easement, a right to the possession and user for the public purposes for which they were incorporated; conceding that the fee remained in the plaintiff and that she might re-enter if the purpose for which it was taken by the railroad company was abandoned, or if the property was diverted to another and different purpose than that for which it was taken,—we are still of the opinion that there was in this case no evidence of such abandonment or unlawful diversion. The company were not in any default in not proceeding to convert the property to railroad purposes during the pendency of the proceedings in the court of common pleas and supreme court, for they could not tell what the final outcome of those proceedings would be. When the case was removed by certiorari to the supreme court, the whole record was before that tribunal for review; and, for any vital error detected, the whole proceeding might have been reversed. It would have been very unwise for the company to proceed to expend money in adapting the property to railroad purposes before their rights were finally determined by the supreme court. They are entitled to a reasonable time to apply the property to the public uses for which it was taken. An abandonment, or an intention to misapply the property, is not to be inferred from slight and insufficient evidence, nor from their taking a reasonable time to mature their plans and carry out their purposes. Even if the plaintiff recovered she would be entitled, according to all the cases, to recover only subject to the easement, which the company, notwithstanding the recovery, might proceed at once to make available. The action seems to have been brought mainly for the purpose of recovering the mesne profits accrued during the period which has elapsed while the proceedings were pending in the court; but upon no principle is the plaintiff entitled to these mesne profits, for there was no evidence of abandonment or misuser. The offer, therefore, to prove the value of the mesne profits was irrelevant and inadmissible, and the nonsuit was, in our opinion, properly entered.

The plaintiff thereupon brought error.

*Angelo T. Freedley* and *Wm. Henry Rawle* (Philadelphia), for plaintiff in error.—The only use for which a citizen can be deprived of his property is a public one. Pa. Const. art. 1, § 10; Cooley, Const. Lim. 530; Palairet's Appeal, 67 Pa. 479, 5 Am. Rep. 450.

And this is a great right of protection, not to be frittered away by construction,—especially in times like these, when the power of vast railroad corporations has grown so formidable. McClinton v. Pittsburg, Ft. W. & C. R. Co. 66 Pa. 407.

The right acquired by the corporation is but an easement, and the fee simple remains in the owner, subject to the easement. Pittsburgh & L. E. R. Co. v. Bruce, 102 Pa. 33; Workman v. Mifflin, 30 Pa. 369; Western Pennsylvania R. Co. v. Johnston, 59 Pa. 294.

When property has been appropriated for a public use, even an additional public use cannot be imposed thereon without additional compensation to the owner. Cooley, Const. Lim. 552, 557, note 1; Imlay v. Union Branch R. Co. 26 Conn. 257, 68 Am. Dec. 392; State v. Laverack, 34 N. J. L. 201; State v. Mobile, 5 Port. (Ala.) 279, 30 Am. Dec. 564; Mifflin v. Harrisburg, P. M. & L. R. Co. 16 Pa. 182; Phillips v. Dunkirk, W. & P. R. Co. 78 Pa. 177.

Where the additional use of the premises is an unlawful and private one for which the premises could not be originally appropriated, it is universally held that the owner is entitled to recover, subject to the easement, and that the evidence should go to the jury, as evidence of abandonment by the corporation defendant. Mills, Em. Dom. 857.

And the judgment in such cases is that the plaintiffs do recover subject to the defendant's easement and do recover the mesne profits. McClinton v. Pittsburg, Ft. W. & C. R. Co. 66 Pa. 408; Locks & Canals v. Nashua & L. R. Co. 104 Mass. 9, 6 Am. Rep. 181; Strong v. Brooklyn, 68 N. Y. 13.

Diverting the property to an unlawful or illegal use is the same as an illegal entry; and it has been frequently ruled that, where a corporation enters without authority of law or without making compensation, it is but a trespasser, and ejectment lies against it. Philadelphia, N. & N. Y. R. Co. v. Cooper, 105 Pa. 239; McClinton v. Pittsburg, Ft. W. & C. R. Co. 66 Pa. 409;

Phillips v. Dunkirk, W. & P. R. Co. 78 Pa. 177; Pittsburgh & L. E. R. Co. v. Bruce, 102 Pa. 33.

The company's right to possession is not in any manner dependent upon the jury's ascertainment of the damages, or upon the date of their payment by the corporation. The constitutional provision is that the damages shall be paid "or secured," and, upon security being duly entered and approved, the corporation has the right to immediate possession, irrespective of the date of payment. Pittsburgh v. Scott, 1 Pa. St. 309; Kensington v. Wood, 10 Pa. 97, '49 Am. Dec. 582; Com. *ex rel.* Atty. Gen. v. Pittsburg & C. R. Co. 58 Pa. 26.

The proceedings to assess the value of the defendant's easement have no connection whatever with the use to which the defendants have converted the property. Those proceedings cannot raise the question of the defendant's right to condemn the property.

When the corporation has once entered security, and that security has been approved, such security and approval constitute an adjudication that everything has been done to entitle the corporation to immediate possession; and this right of possession and adaptation to the purposes for which the easement was acquired is not at all affected by the proceedings to assess the damages. Wadhams v. Lackawanna & B. R. Co. 42 Pa. 303; Fries v. Southern Pennsylvania R. & Min. Co. 85 Pa. 73; Pittsburgh, V. & C. R. Co. v. Com. 101 Pa. 192; Buffalo, N. Y. & P. R. Co. v. Harvey, 42 Phila. Leg. Int. 193.

The action was against the tenants in possession. Act April 13, 1807, § 2; 4 Smith's Laws, 476; 1 Purdon's Digest, 636, pl. 5.

These tenants could not, as against the owner of the fee, justify their possession by a lease from their landlord, the corporation, which had but an easement for a particular purpose. The tenants had no right to be in possession at all, and certainly no right to be in possession for private purposes of gain.

*Wayne MacVeagh,* for defendants in error.—When land has been taken for public purposes it is presumed that a reasonable time is to be given the railroad company to so occupy it under its franchise. Nor is it necessary that immediate steps be taken to devote the land to public uses in advance of the needs of the company. A railroad company, in taking possession of land, is ·

not confined to the present needs of its business, but may properly provide for the future requirements of a more extended traffic. Lodge v. Philadelphia, W. & B. R. Co. 8 Phila. 345.

It would be idle to declare that a railroad company may so provide for the future, if the law would permit every eager landowner to compel it to account to him for the use of the land in the meantime. · The landowner, at the time of the condemnation of the land and of entering security for damages, becomes entitled to the value of the easement, whether the railroad company subsequently uses it or not. Beale v. Pennsylvania R. Co. 86 Pa. 509; Pittsburgh, V. & C. R. Co. v. Com. 101 Pa. 192.

Where a proper case of abandonment of the easement has been made out, or where, without a formal abandonment, there has been such positive misuse of the property taken as to negative the bona fides in the transaction of condemnation, the owner of the fee is entitled to recover possession, or at least mesne profits. Thus, the depositing of coal dirt on land condemned for railroad purposes, the conveyance of property in fee to a stranger, or the letting of the property for a long space of time to private parties, as if the fee belonged to the railroad company, would be sufficient to entitle the fee owner to a recovery. Lance's Appeal, 55 Pa. 16, 93 Am. Dec. 722; Strong v. Brooklyn, 68 N. Y. 1; Locks & Canals v. Nashua & L. R. Co. 104 Mass. 9, 6 Am. Rep. 181.

Such cases go to show that the corporation was without intention of promptly using its franchise. .

PER CURIAM:

It is true, in this case the company did not acquire the land of the plaintiff, in fee. It cannot permanently use it for a purpose different from that for which it was taken. A reasonable time, measured by all the attending circumstances, must be allowed to plan and perfect the arrangement for its proper use. A few days only had elapsed after this court decided what sum was justly due to the plaintiff and her receipt of the money, before she brought this action of ejectment. The learned judge correctly held, under all the facts of the case, that the plaintiff could not recover.

Judgment affirmed.